UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIAN J. NEWARK,

                         **Plaintiff,**

v.

                                                                    18-CV-764

COMMISSIONER OF SOCIAL SECURITY,

                         **Defendant.**

## DECISION AND ORDER

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. No. 14. Brian J. Newark ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act") seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying his application for Social Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. Nos. 9, 12. For the following reasons, Plaintiff's motion (Dkt. No. 9) is granted to the extent it seeks remand, and defendant's motion (Dkt. No. 12) is denied.

## BACKGROUND

On May 16, 2014, Plaintiff protectively filed for SSI, alleging that he became disabled on January 25, 2014. Tr. at 26, 223.[1] Plaintiff's application was denied at the

---

[1] Citations to "Tr. __" refer to the pages of the administrative transcript, which appears at Docket No. 7.

initial level and he requested review. Tr. at 26. On February 7, 2017, Administrative Law Judge Mary Mattimore ("the ALJ") conducted a hearing in Buffalo, New York. Tr. at 49-110. Plaintiff, who was represented by counsel, testified by videoconference. Tr. at 49-110. An impartial vocational expert ("VE") also testified. Tr. at 49-110. On April 5, 2017, the ALJ issued a decision in which she found that Plaintiff was not disabled and therefore, not eligible for benefits. Tr. at 26-40. The Appeals Council denied Plaintiff's request for review making the ALJ's determination the final decision of the Commissioner. Tr. at 1-6. Plaintiff thereafter commenced this action seeking review of the Commissioner's decision. Dkt. No. 1.

## **LEGAL STANDARD**

**Disability Determination**

An ALJ must follow a five-step process to determine whether an individual is disabled under the Act. *See Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). At step one, the ALJ must determine whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. § 404.1520(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe," meaning that it imposes significant restrictions on the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). 20 C.F.R. § 404.1520(d). If the impairment meets or medically equals a Listings criterion and meets the durational requirement (20 C.F.R. § 404.1509), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for collective impairments. *See* 20 C.F.R. § 404.1520(e)-(f).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits him or her to perform the requirements of his or her past relevant work. 20 C.F.R. § 404.1520(f). If the claimant can perform such requirements, then he or she is not disabled. If not, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *See Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation marks omitted); *see also* 20 C.F.R. § 404.1560(c).

**District Court Review**

42 U.S.C. § 405(g) authorizes a district court "to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). Section 405(g) limits the scope of the Court's

3

review to two inquiries: whether the Commissioner's conclusions were based upon an erroneous legal standard, and whether the Commissioner's findings were supported by substantial evidence in the record as a whole. *See Green-Younger v. Barnhart*, 335 F.3d 99, 105-106 (2d Cir. 2003). Substantial evidence is "more than a mere scintilla." *Moran v. Astrue,* 569 F.3d 108, 112 (2d Cir. 2009). "It means such *relevant* evidence as a *reasonable* mind might accept as adequate to support a conclusion." *Id.* (emphasis added and citation omitted). The substantial evidence standard of review is a very deferential standard, even more so than the "clearly erroneous" standard. *Brault v. Comm'r of Soc. Sec.*, 683 F.3d 443, 447-48 (2d Cir. 2012) (citing *Dickinson v. Zurko,* 527 U.S. 150, 153 (1999)).

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). If there is substantial evidence for the ALJ's determination, the decision must be upheld, even if there is also substantial evidence for the Plaintiff's position. *See Perez v. Chater,* 77 F.3d 41, 46-47 (2d Cir. 1996); *Conlin ex rel. N.T.C.B. v. Colvin*, 111 F. Supp. 3d 376, 384 (W.D.N.Y. 2015). Likewise, where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

**DISCUSSION AND ANALYSIS**

**The ALJ's Decision**

The ALJ analyzed Plaintiff's claims using the familiar five-step process described above. *Lynch v. Astrue*, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps). At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 24, 2014, his alleged onset date. Tr. at 29. At step two, he found that Plaintiff had the following severe impairments: degenerative disc disease of the cervical and lumbar spine, post-laminectomy syndrome, depressive disorder, anxiety disorder, and personality disorder. Tr. at 29-32. [2] At step three, the ALJ concluded that Plaintiff's impairments did not, either individually or in combination, meet or equal the Listings, giving specific consideration to Listing 1.04 (Disorders of the Spine), 12.04 (Depressive, Bipolar and Related Disorders), 12.06 (Anxiety and Obsessive Compulsive Disorders) and 12.08 (Personality and Impulse-Control Disorders). Tr. at 30-32.

Next, the ALJ found that Plaintiff retained the RFC to perform sedentary work as defined by 20 C.F.R. 404.1567(a), because he was able to lift and/or carry ten pounds occasionally and less than ten pounds frequently, stand and/or walk for two hours in an eight-hour work day, and sit for six hours in an eight-hour work day. She further found that Plaintiff is occasionally able to climb ramps, stairs, ladders, ropes, and scaffolds; is occasionally able to balance on smooth level terrain as well as occasionally stop, kneel, crouch, and crawl; must have the freedom to use a cane for ambulation on all

---

[2] This Court presumes the parties' familiarity with plaintiff's medical history, which is summarized at length in the papers.

surfaces of terrain; is able to perform low stress jobs, defined as work that requires the ability to understand, remember, and carry out simple, routine tasks as well as adapt to routine workplace changes. Tr. at 32. Continuing to the fourth step, the ALJ found that Plaintiff was unable to perform his past relevant work as a retail store manager, cashier, sales person, and customer complaint clerk. Tr. at 37-38. Based on Plaintiff's age (35 years old), education (high school graduate), work experience (retail manager, salesperson) with the aforementioned RFC, the ALJ found that he could perform work that exists in significant numbers in the national economy, specifically, the jobs of document preparer, surveillance systems monitor, and order clerk (food and beverage). Tr. at 39. Accordingly, concluded the ALJ, Plaintiff was not under a disability from January 25, 2014, through the date of her decision. Tr. at 39.

**Judgment on the Pleadings**

As noted above, the parties have cross-moved for judgment on the pleadings. Dkt. Nos. 9, 12. Plaintiff contends that the ALJ failed to afford proper weight to the opinions of Dr. Samuel Balderman, a consulting examiner, and Dr. Andrew Call, Plaintiff's treating physician (Dkt. No. 9-1, pp. 17-26), and failed to properly account for well-supported limitations of off-task time and missed work, resulting in an RFC unsupported by substantial evidence (Dkt. No. 9-1, pp. 26-30). The Commissioner contends that the ALJ incorporated the marked limitations from Dr. Balderman's opinion into the RFC, reasonably evaluated Dr. Call's opinion as well as the other opinions regarding Plaintiff's mental limitations, including whether he would miss multiple work days per month and be off task, and therefore, the RFC is substantially supported. Having reviewed the record, this Court finds that the ALJ erred in her assessment of the

Plaintiff's medical sources. Because remand is warranted on this basis, this Court need not reach Plaintiff's remaining arguments.

**Dr. Balderman's and Dr. Call's Findings Regarding Plaintiff's Limitations**

On September 4, 2013, Dr. Balderman examined Plaintiff at the request of the Division of Disability Determination and concluded that he "has marked limitations in bending, lifting, prolonged standing, or prolonged sitting due to lumbar spine disease" resulting from his lumbar spine pain. Tr. at 521. Dr. Call, Plaintiff's treating physician of 5 years, examined Plaintiff on September 9, 2016, and reported in a "Medical Assessment of Ability To Do Work-Related Activities (Physical)" form that due to his degenerative disc disease of his lumbar spine, chronic lumbar pain, sacral radiculopathy, and muscle weakness of his lower extremities, Plaintiff can never lift or carry any weight that is 5 lbs. or more; cannot sit, stand, or walk for more than 10 minutes at one time or for more than 80 minutes total in an eight-hour work day; and can never push or pull with either hand, could never stoop, balance, crawl, crouch, climb, or kneel. Tr. at 1245-47.

In her decision, the ALJ afforded "significant weight" to Dr. Balderman's opinion and "very little weight" to Dr. Call's opinion regarding Plaintiff's "postural activities." Tr. at 36-37. The ALJ also gave "minimal weight" to Plaintiff's treating pain management doctor, Dr. John Markman, who opined that Plaintiff was "unemployable," Tr. at 37, and "minimal weight" to the opinions of Plaintiff's treating physician, Webster H. Pilcher, M.D., and his nurse practitioner, Susan O. Smith, who opined that Plaintiff was "totally disabled" as a result of his radiating back pain. Tr. at 37.

Although the ALJ purported to give Dr. Balderman's opinion "significant weight" in formulating the RFC, she inexplicably disregarded nearly all of the postural limitations the doctor identified, in particular, his marked limitations in prolonged sitting and standing.  As previously noted herein, the ALJ ultimately determined that Plaintiff retained the RFC to perform "sedentary work," Tr. at 25, which is defined in the Code of Federal Regulations as follows:

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. **Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties.** Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. § 404.1567(a) (emphasis added).  The ALJ's further postural limitations did not included any sit/stand options.

As a general rule, "the ALJ is not obligated to 'reconcile explicitly every conflicting shred of medical testimony.'"  *Dioguardi v. Comm'r of Soc. Sec.,* 445 F. Supp. 2d 288, 297 (W.D.N.Y. 2006) (quoting *Gecevic v. Sec. of Health & Human Servs.,* 882 F. Supp. 278, 286 (E.D.N.Y.1995)).  In this regard, there is no "absolute bar to crediting only portions of medical source opinions."  *Younes v. Colvin,* 2015 WL 1524417, at *8 (N.D.N.Y. 2015).  At the same time, when an ALJ adopts only portions of a medical opinion in formulating a claimant's RFC, he or she must explain his or her decision to reject the remaining portions*. Raymer v. Colvin*, 2015 WL 5032669, at *5-7 (W.D.N.Y. Aug. 25, 2015) (collecting cases); *see also Younes,* 2015 WL 1524417 at *8 (holding that an ALJ is free to credit only a portion of a medical opinion; however, "when doing so smacks of 'cherry picking' of evidence supporting a finding while rejecting contrary

evidence from the same source, an administrative law judge must have a sound reason for weighting portions of the same-source opinions differently"); *Phelps v. Colvin,* 2014 WL 122189, *4 (W.D.N.Y. 2014) (holding that "[t]he selective adoption of only the least supportive portions of a medical source's statements is not permissible") (internal quotations and brackets omitted); *Caternolo v. Astrue,* 2013 WL 1819264, *9 (W.D.N.Y. 2013) (collecting cases standing for the "fundamental tenet of Social Security law that an ALJ cannot pick and choose only parts of a medical opinion that support his determination") (internal quotations omitted); *Searles v. Astrue,* 2010 WL 2998676, *4 (W.D.N.Y. 2010) (holding that "[a]n ALJ may not credit some of a doctor's findings while ignoring other significant deficits that the doctor identified").

        This Court finds that the ALJ failed to explain why after crediting Dr. Balderman's opinion that Plaintiff could not sit for prolonged periods, she nonetheless concluded that Plaintiff could perform sedentary work which by its very definition "involves sitting," without limitation. 20 C.F.R. § 404.1567(a). A medical source's opinion that a claimant has limitations in sitting does not categorically exclude him or her from sedentary work. However, the ALJ has a legal duty to explain why such a limitation, when diagnosed by a medical source and given "significant weight" by the ALJ, was not incorporated into an RFC designating sedentary work. This Court cannot infer from the ALJ's decision that she considered and rejected the limitations contained in Dr. Balderman's opinion, and why. The ALJ's failure to explain her reasoning constitutes reversible error. *Raymer*, 2015 WL 5032669, at *5-7; *Allen v. Comm'r of Soc. Sec.,* 2012 WL 4033711, at *9 (N.D.N.Y. 2012) (holding that the ALJ did not apply the correct legal standard in determining claimant's RFC "because [she] failed to explain why portions of

9

[the nurse practitioner and doctor's] medical source statements were not adopted"); *Overbaugh v. Astrue,* 2010 WL 1171203, *9 (N.D.N.Y. 2010) (holding that the ALJ's "failure to explain why he disregarded portions of [the doctor's] assessment, while simultaneously assigning it controlling weight, constitutes legal error").

Moreover, given that the RFC is fundamentally inconsistent with Dr. Balderman's opinion and the ALJ rejected every other opinion relating to Plaintiff's postural limitations, it is unclear how she concluded that Plaintiff is able to occasionally climb ramps, stairs, ladders, ropes and scaffolds, and to occasionally stoop, kneel, crouch, and crawl. Tr. at 32. Because the ALJ systematically eliminated all of the medical opinions relating to Plaintiff's physical abilities, all that remained in the record was raw medical data. "[A]n ALJ is not qualified to assess a claimant's RFC on the basis of bare medical findings, and as a result an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quoting *Deskin v. Comm'r of Soc. Sec.*, 605 F. Supp. 2d 908, 912 (N.D. Ohio 2008)) (quoting *Rohrberg v. Apfel*, 26 F. Supp. 2d 303, 311 (D. Mass.1998)) (holding that where the "medical findings in the record merely diagnose [the] claimant's exertional impairments and do not relate these diagnoses to specific residual functional capabilities such as those set out in 20 C.F.R. § 404.1567(a) . . . [the Commissioner may not] make the connection himself").

Accordingly, this case is remanded to the SSA to reevaluate the weight to be afforded to the medical opinions relating to Plaintiff's physical limitations. In so doing, the ALJ is reminded that she cannot interpret raw medical data.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings (Dkt. No. 9) is hereby GRANTED insofar as it seeks remand, and the Commissioner's motion for judgment on the pleadings (Dkt. No. 12) is DENIED. The Clerk of the Court is directed to close this case.

**SO ORDERED.**

DATED: Buffalo, New York
February 5, 2020

*s/ H. Kenneth Schroeder, Jr.*
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**